**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF GUAM**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Criminal Case No. 09-00026 |
| Plaintiff, | |
| vs. | **OPINION AND ORDER RE: MOTION TO SEVER** |
| **HENRY JOSEPH SALAS** | |
| and | |
| **EDDIE PABLO PAULINO**, | |
| Defendants. | |

Before the court is the "Motion for Severance" ("the Motion") filed by Defendant HENRY JOSEPH SALAS. *See* Docket Nos. 33 (motion), 34 (memorandum). The Motion has been briefed and argued to the court. *See* Docket Nos. 33, 34, 37, 50, 64. Having read the briefs, heard the argument, and considered it all in the light of the law, the court hereby **DENIES** the Motion, for the reasons set forth below.

**I. RELEVANT FACTUAL BACKGROUND**

The facts in this case have been laid out in prior orders and need not be restated here.

**II. RELEVANT PROCEDURAL BACKGROUND**

The indictment was filed on May 13, 2009. *See* Docket No. 1. The one-count indictment charges Defendants with Possession with Intent to Distribute Methamphetamine, in violation of Sections 841(a)(1) and 846 of Title 21, United States Code. *See id.* Defendants made their

initial appearances and entered pleas of not guilty on May 14, 2009.  *See* Docket No. 7.

On June 26, 2009, Defendant Paulino moved to suppress certain pieces of evidence.  *See* Docket No. 22.  The Government opposed Defendant Paulino's motion on July 2, 2009.  *See* Docket No. 26.  Then, on July 6, 2006, Defendant Paulino filed an Amended Motion to Suppress.  *See* Docket No. 27.  On July 14, 2009, Defendant Salas joined in Defendant Paulino's motion to suppress.  *See* Docket No. 30.  After a few more rounds of briefing and a hearing on the matter, the court granted the suppression motion insofar as it concerned evidence obtained via a search defended on a consent theory, and denied it in all other respects.  *See* Docket No. 46; *see also* Docket No. 57 (order on motion for reconsideration).

On July 24, 2009, Defendant Salas filed the Motion.  *See* Docket Nos. 33 (motion), 34 (memorandum).  The Government opposed the Motion on July 30, 2009.  *See* Docket No. 37.  On request, the Motion was held in abeyance while the court resolved the suppression issues, including the motion to reconsider.  *See* Docket Nos. 39, 40, 48, 56.  Defendant Salas replied on October 16, 2009.  *See* Docket No. 50.  Finally, the Motion was heard on February 24, 2010.  *See* Docket No. 64.

### III. JURISDICTION AND VENUE

The court has jurisdiction in virtue of its "original jurisdiction . . . of all offenses against the laws of the United States."  *See* 18 U.S.C. § 3231.  Venue is proper in this judicial district, the District of Guam, because this district is where the offense was committed.  *See* Fed. R. Crim. P. 18.

### IV. APPLICABLE STANDARDS

Since joint trials promote judicial economy and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts," there is a strong preference in the federal system that defendants who are indicted together be tried jointly.  *Zafiro v. United States*, 506 U.S. 534, 537 (1993).  Joinder is "the rule rather than the exception."  *United States v. Armstrong*, 621 F.2d 951, 954 (9th Cir. 1980).

Nonetheless, Rule 14(a) of the Federal Rules of Criminal Procedure provides that "[i]f the joinder of offenses . . . appears to prejudice a defendant or the government, the court may order separate trials of counts." The court has broad discretion to grant or deny severance pursuant to Rule 14(a). *See Zafiro*, 506 U.S. at 541.

However, "Rule 14 sets a high standard for a showing of prejudice." *United States v. Vasquez-Velasco*, 15 F.3d 833, 845 (9th Cir. 1994). "[A] district court should grant a severance under Rule 14 only if there is a *serious risk* that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539 (emphasis added). The defendant seeking severance bears the burden of establishing this serious risk. *See United States v. Ferguson*, 246 F.R.D. 107, 125 (D. Conn. 2007).

**V.    ANALYSIS**

Defendant Salas supports his Motion with three arguments. First, he argues that severance is proper because, absent severance, he "would not be able to exercise [his] 6th Amendment right to cross examine the key witness in this matter[,] co-defendant Paulino[,] as to Defendant Salas' knowledge or involvement in any kind of drug trafficking." Docket No. 34. This argument fails because it presumes that defendant Paulino would appear as a witness in this case, which, as the Government points out, is extremely unlikely. *See* Docket No. 37 at 5:3-9.

Second, Defendant Salas argues that "[b]ecause only the clue spray was suppressed [by the court in resolving the motion to suppress], Defendant Salas would be highly prejudiced in facing a joint trial without the ability to effectively use this evidence he [*sic*] could not do so because I [*sic*] would without [*sic*] severely prejudice Defendant Paulino." Docket No. 50 at 2. This argument fails not only because it is incoherent but also because, to the extent its meaning can be discerned, it seems to suggest that Defendant Salas is somehow precluded from emphasizing that the clue spray was found only on Defendant Paulino's hands, which is not the case.

1       Third, at the hearing on the Motion, Defendant Salas argued that the evidence against his co-defendant was much stronger than the evidence against him, and, consequently, that a joint trial would be unfair because of the risk of serious evidentiary "bleed-over." This argument fails because the court does not think that the asymmetry in evidence is all that great, and certainly not so great that it cannot be dealt with by a limiting instruction.

       Thus, Defendant Salas has failed to carry his burden of establishing "a *serious risk* that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539 (emphasis added); *see also Ferguson*, 246 F.R.D. at 125.

## VI. CONCLUSION

The Motion is **DENIED** because Defendant Salas has failed to carry his legal burden.

**SO ORDERED**.



**/s/ Frances M. Tydingco-Gatewood**
    **Chief Judge**
**Dated: Mar 29, 2010**